UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>  v.<br><br>CRISTIAN AMAYA NAVA,<br><br>                       Defendant. | Case No. 21-cr-01693-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 62)** |

      The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Based on this amendment, Defendant Cristian Amaya Nava filed a Motion to Reduce Sentence under U.S.S.G. § 1B1.10. (ECF No. 62.) This Court referred the case to the Federal Defender's Office for an evaluation. (ECF No. 63.) Federal Defenders has now filed a status report concluding "the Court can decide the motion on the existing records without further assistance of counsel." (ECF No. 65.)

Defendant's guideline range after he pled guilty to conspiracy to launder monetary instruments and Hobbs Act extortion was 78–97 months. (ECF No. 66.) He was a zero-point offender, so, under the new guideline calculations, an additional two-point departure in base offense level would be appropriate, bringing his guideline range to 63–78 months.

However, at sentencing, the Court departed downward an additional two points for a "fast track" equivalent because Defendant pled guilty and waived his right to appeal, as well as an additional two points because of collateral consequences (he will lose his Lawful Permanent Resident card). (ECF No. 66.) With these departures, the Court sentenced Defendant to 60 months in custody concurrent on both counts. (ECF No. 61.) This 60-month sentence would still be below Defendant's guideline range of 63–78 months even after the guideline amendment is applied.

Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 63 months. Since the Court sentenced Defendant to a lower sentence of 60 months and the same § 3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a lower sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 62) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 5, 2024**

Hon. Cynthia Bashant
United States District Judge